# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOPHANA SOVANN,<br>      Petitioner,<br><br>v.<br><br>KEVIN KAUFFMAN,<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF PHILADELPHIA, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>      Respondents. | CIVIL ACTION<br><br><br><br>NO. 16-4800 |

DuBois, J.                                                                                                                                                                                                           March 10, 2020

# **M E M O R A N D U M**

## I. INTRODUCTION[1]

*Pro se* petitioner, Sophana Sovann, was sentenced to an aggregate of 30 to 60 years of imprisonment after being convicted of third-degree murder, 18 Pa. Cons. Stat. § 2502(c), and criminal conspiracy to kill and/or shoot the victim, 18 Pa. Cons. Stat. § 903. R&R at 2. *Pro se* petitioner also pled guilty to carrying a firearm without a license, 18 Pa. Cons. Stat. § 6108. *Id.* at 3. On September 6, 2016, *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document No. 1). The case was referred to United States Magistrate Judge Henry S. Perkin for a Report and Recommendation on September 26, 2019 (Document No. 2).

Judge Perkin filed a Report and Recommendation on November 7, 2018 in which he recommended that the habeas corpus petition be dismissed and denied (Document No. 27). On May 9, 2019, *pro se* petitioner filed Objections to [the] Report and Recommendation (Document

---

[1]     The facts and procedural history of this case are set forth in detail in Judge Perkin's Report and Recommendation, dated November 7, 2018, which this Court approves and adopts with this Memorandum and corresponding Order. In this Memorandum, the Court recites only those facts necessary to explain its rulings on *pro se* petitioner's objections.

No. 37). This Court overrules *pro se* petitioner's objections and approves and adopts Judge Perkin's Report and Recommendation. The Court writes at this time only to explain its rulings on *pro se* petitioner's objections.

## II. LEGAL STANDARD

Where a court refers a habeas petition to a magistrate judge, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [and] the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for habeas corpus may only be granted if the state court's adjudication of the claim resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. § 2254(b)(1)(A). When a claim has not been fairly presented to the state courts, but state procedural rules bar further relief in state courts, the claim "meets the technical requirements for exhaustion" but is considered procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). In such cases, federal habeas review is barred unless the *pro se* petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of

justice." *Id.* at 750.

## III. DISCUSSION

In his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, *pro se* petitioner asserted two ineffective assistance of counsel claims based on: (1) trial counsel's failure to call his younger brother, Seary Sovann, as a witness and (2) trial counsel ineffectiveness "for failing to object that the evidence was insufficient to support a conviction for criminal conspiracy to commit third-degree murder." R&R at 6, 21-22, 26. In the Report and Recommendation, Judge Perkin recommended dismissing and denying the Petition. *Id.* *Pro se* petitioner objected to Judge Perkin's Report and Recommendation on two grounds. First, he challenges Judge Perkin's analysis of his ineffective assistance of counsel claim based on trial counsel's failure to call his younger brother to testify because Judge Perkin "failed to consider the full record." Objs. at 1. Second, he asserts that his "conspiracy conviction was [a] valid *Martinez* claim where he was sentenced under a non-cognizable offense." Objs. at 2. The Court addresses each of *pro se* petitioner's objections in turn.

### A. *Pro se* Petitioner's First Objection

*Pro se* petitioner claims that his trial counsel was ineffective for failing to call his younger brother, "Seary Sovann, who would have testified that [the victim] kidnapped him and held him hostage." R&R at 14-15. Instead of calling Seary as a witness, defense counsel called *pro se* petitioner's sister, Sopheap, who testified that Seary had been kidnapped and held hostage by the victim six months prior to the shooting. *Id.* At the time of trial, Seary was a juvenile gang member and was housed in a "juvenile delinquent facility, having been arrested" for illegal possession of a TEC-9 pistol. *Id.* at 8-9, 16.

After reviewing this evidence, the Pennsylvania Superior Court found that *pro se*

3

petitioner was not prejudiced by trial counsel's failure to present his brother's testimony because:

> (1) the testimony was cumulative of his sister's testimony regarding Seary being kidnapped by the victim; (2) Seary's credibility would have been a factor for the jury where he was being housed in a juvenile detention facility for [gun] charges at the time of trial; (3) and the testimony did not support a heat of passion defense where the kidnapping occurred six months prior to the instant shooting. Because the absence of the testimony did not prejudice Sovann, trial counsel cannot be deemed ineffective.

R&R at 17. In the Report and Recommendation, Judge Perkin concluded that "[b]ased on a review of the state court record and the documents filed in this case, the state court's determination that there is no indication that had counsel called Seary Sovann, Petitioner would not have been convicted on the third degree murder charge was proper." R&R at 21.

In his Objection, *pro se* petitioner contends that Judge Perkin "failed to consider the full record" when he evaluated *pro se* petitioner's claim that defense counsel was ineffective for not calling *pro se* petitioner's brother Seary as a witness at trial. Specifically, *pro se* petitioner asserts that Judge Perkin did not consider that: (1) "[t]he prosecution specifically argued at trial that Seary was never kidnapped and/or forced to join the TRG gang;" (2) "Seary's first-hand testimony of what was done to him by [the victim] would naturally have been more compelling than his sister's account;" and (3) "Seary's arrest for possession of a TEC-9 was likely a tipping point to 'heat of passion' voluntary manslaughter, and not his initial kidnapping six months prior." Obj. at 1.

The standard for evaluating an ineffective assistance of counsel claim is set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel under *Strickland*, petitioner must demonstrate that his counsel's performance (1) "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *Id.* at 688, 692. "The benchmark for judging

4

any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

A court, in determining whether counsel's performance fell below an objective standard of reasonableness, must evaluate "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. In applying the *Strickland* test to counsel's performance, a court must be "highly deferential," and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. The Court must not use the benefit of hindsight to second-guess strategic decisions made by counsel unless they are unreasonable. *Id.* at 690.

An evaluation of the failure on the part of defense counsel to call a witness at trial under the first prong of *Strickland* requires the Court to decide whether the decision not to call the witness was "in the exercise of reasonably professional judgment." *Strickland*, 466 U.S. at 690; *see also Duncan v. Morton*, 256 F.3d 189, 201 (3d Cir. 2001). Given professional reasonableness as a touchstone, "[t]he Constitution does not oblige counsel to present each and every witness that is suggested to him." *United States v. Balzano*, 916 F.2d 1273, 1294 (7th Cir. 1990).

The second prong of *Strickland*, requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a, "probability sufficient to undermine confidence in the outcome." *Id.* In other words, a petitioner must show a "reasonable likelihood that . . . information [not presented] would have dictated a different trial

strategy or led to a different result at trial," *Lewis v. Mazurkiewicz*, 915 F.2d 106, 115 (3d Cir. 1990), or a "reasonable probability that he would have been acquitted had [the uncalled witness] testified either alone or in conjunction with [him.]" *Id.*

"If a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" 28 U.S.C. § 2254(d)(1). Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Applying this standard to *pro se* petitioner's objections, the Court concludes that the Pennsylvania Superior Court did not unreasonably apply *Strickland* when it found that *pro se* petitioner was not prejudiced by trial counsel's failure to call his brother Seary to testify. First, the jury heard evidence that Seary was kidnapped and held hostage by the victim. R&R at 16. Next, although Seary's "first-hand testimony" may have been more convincing than his sister's account, Seary's credibility would have been attacked by the prosecution because Seary was a teenage gang member and was incarcerated at the time of trial for illegal possession of a TEC-9. *Id.* at 8, 16. Thus, because Sopheap was able to, and did, testify to Seary's kidnapping by the victim, calling Seary to testify about his kidnapping was not so essential or so compelling that

6

calling him was the only reasonable choice.  *See Jeffs v. Sec'y Pennsylvania Dep't of Corr.*, 715 F. App'x 131, 134 (3d Cir. 2017).

Finally, *pro se* petitioner argues in his objections that his brother Seary's arrest on July 25, 2008 for possession of a TEC-9 was the "tipping point to 'heat of passion' voluntary manslaughter," not his brother's initial kidnapping by the victim six months prior to the shooting. Objs. at 1, 3.  However, as *pro se* petitioner concedes in his Objections, Seary was arrested for possession of the TEC-9 two days prior to the shooting.  *See* Objs. at 3 ("The voluntary manslaughter occurred two days later.").  An alleged provocation that occurs two days before a killing will "not serve to reduce the degree of guilt to manslaughter."  *See Commonwealth of Pennsylvania v. Williams*, 980 A.2d 510, 529 n.30 (Pa. 2009) ("We have held that killings do not occur under the heat of passion where there was sufficient time for cooling between whatever provocation might have existed and the actual killings.  Here, the alleged provocation . . . occurred two days before the murder and would not serve to reduce the degree of guilt to manslaughter.").  Accordingly, because Seary's arrest for possession of the TEC-9 occurred two days before the killing, it could not serve to reduce the degree of *pro se* petitioner's guilt to voluntary manslaughter.

### B. *Pro se* Petitioner's Second Objection

*Pro se* petitioner asserted that trial counsel was "ineffective for failing to object that the evidence was insufficient to support a conviction of criminal conspiracy to commit third-degree murder."  R&R at 22.  *Pro se* petitioner also argued that his Pennsylvania Post Conviction Relief Act ("PCRA") counsel was ineffective for failing to raise this issue.  *Id.*  After reviewing the record, Judge Perkin concluded that because *pro se* petitioner failed to exhaust this claim and could not return to state court for review of the claim, the claim was procedurally defaulted and

that *pro se* petitioner had not made the required showing to set aside the default. R&R 24. *Pro se* petitioner objects to Judge Perkin's Report and Recommendation on this issue by stating that his "conspiracy claim was [a] valid *Martinez* claim where he was sentenced under a non-cognizable offense." Objs. at 2. He claims—without citation—that his conspiracy sentence was illegal because the maximum sentence for a conviction of "conspiracy to shoot a victim" is ten years. Objs. at 3. Therefore, according to *pro se* petitioner, his "*Martinez* claim is valid in this regard." *Id.*

*Pro se* petitioner's claim that the evidence was insufficient to support a conviction of conspiracy to commit third-degree murder fails because he was not convicted of conspiracy to commit third-degree murder. *Pro se* petitioner was convicted of conspiracy to shoot and/or kill the victim. R&R at 22. Accordingly, the Court need not address the issues raised relating to procedural default of this claim and the application of *Martinez v. Ryan*, 566 U.S. 1 (2012).

Additionally, in *pro se* petitioner's second objection, he argues that his sentence for "conspiracy to shoot a victim" is illegal. Objs. at 3. As stated above, that claim is procedurally defaulted. Notwithstanding the procedural default of this claim, the Court notes that *pro se* petitioner was convicted of conspiracy to shoot and/or kill the victim, and the victim died in this case. R&R at 2, 22. The maximum sentence for conspiracy to commit murder where serious bodily harm results is forty years in Pennsylvania. 18 Pa Cons. Stat. § 1102(c). The maximum sentence for conspiracy to commit murder where no serious bodily harm results is twenty years in Pennsylvania. *Id.* Accordingly, Judge Brinkley's sentence of ten to twenty years for *pro se* petitioner's conspiracy conviction did not exceed the maximum term of imprisonment under Pennsylvania law.

## IV. CERTIFICATE OF APPEALABILITY

In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." *Morris v. Horn*, 187 F.3d 333, 340 (3d Cir. 1999); *see also* 28 U.S.C. § 2253(c). The Court concludes that *pro se* petitioner has not made such a showing. Thus, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court approves and adopts the Report and Recommendation of Judge Perkin, overrules *pro se* petitioner's Objection to [the] Report and Recommendation, and dismisses and denies *pro se* petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. An appropriate order follows.